David P. Johnson (#13260)
djohnson@wnlaw.com
Brittany Frandsen (#16051)
bfrandsen@wnlaw.com
Jamie Bame (#18852)
jbame@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for Plaintiff Akorn Media Inc.*

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| Akorn Media Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>Shanghai Xinqi Electronic Technology Co., Ltd.,<br><br>Defendant. | Case No: 2:26-cv-769<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**<br><br>District Judge:<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Akorn Media Inc. (“Plaintiff” or “Akorn Media”) brings this action against Defendant Shanghai Xinqi Electronic Technology Co., Ltd. (“Defendant”) for a declaratory judgment that Plaintiff does not infringe U.S. Patent No. 12,209,005 (“the ’005 Patent”) purportedly owned by Defendant and for tortious interference with business relations. In support thereof, Plaintiff alleges the following:

## NATURE OF THE ACTION

1. This action arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, in response to assertions made in Defendant's Amazon complaint that certain mason jar sealing products sold in the United States by Plaintiff infringe the '005 Patent. Defendant's actions are harming Plaintiff's ability to sell these products and are further injuring Plaintiff and its product's reputation in the marketplace.

## THE PARTIES

2. Plaintiff is a British Columbia company with its principal place of business at 1101 – 7368 Sandborne Avenue, Burnaby, British Columbia, Canada V3N5C5.

3. On information and belief, Defendant is a Chinese private limited company with its principal place of business at Room 126, Building 1, No. 1158, Zhongxin Road, Jiuting Town, Songjiang District, Shanghai, China.

## JURISDICTION AND VENUE

4. This declaratory judgment action of non-infringement of the '005 Patent arises under the United States Patent Act, 35 U.S.C. § 1, *et seq.* and the Declaratory Judgment Act of 28 U.S.C. §§ 2201 and 2202.

5. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq*., 28 U.S.C. § 1338(a)–(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

6. This Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and Utah's Long Arm Statute, Utah Code § 78B-3-205. Rule 4(k)(1)(A) provides for personal jurisdiction over a defendant "who is subject to the jurisdiction

of a court of general jurisdiction in the state where the district court is located." Utah's Long Arm Statute is to be interpreted broadly "so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." *See* Utah Code Ann. § 78B-3-201(3). On information and belief, Defendant sells mason jar sealers on Amazon. *See* *E. Mishan & Sons, Inc. v. Shanghai Xinqi Electronic Technology Co., Ltd*., Case No. 1:25-cv-10310, ECF No. 23 ¶ 18 (S.D.N.Y. May 19, 2026). Defendant thus utilizes an established retailer and distribution channel that, upon information and belief, sells and delivers products nationwide. On information and belief, Defendant's Products can be purchased by Utah consumers on Amazon.com and then delivered to Utah consumers. By intentionally listing its products on Amazon, Defendant has purposefully availed itself of the privilege of conducting business in Utah. *See* *Orbit Irrigation Prods., Inc. v. Melnor, Inc*., 2017 WL 1274043, at *3–4 (D. Utah Apr. 4, 2017) (holding that a defendant selling through Amazon and Home Depot—retailers "who have established nationwide distribution channels that reach into Utah"—has availed itself of the Utah forum). Accordingly, Defendant is subject to personal jurisdiction in Utah, and this Court may exercise personal jurisdiction over Defendant pursuant to Rule 4(k)(1)(A).

7. Alternatively, personal jurisdiction is proper under Federal Rule of Civil Procedure 4(k)(2) (the "federal long-arm statute"), which "contemplates a defendant's contacts with the entire United States." *See* *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda*., 890 F.3d 995, 999 (Fed. Cir. 2018) (internal citation omitted). Upon information and belief, Defendant has obtained at least two United States patents by availing itself of the United States Patent and Trademark Office, and Defendant has filed at least five cases in the United States, namely case numbers N.D. Ill. Case

No. 1:2024-cv-11538, N.D. Ill. Case No. 1:2024-cv-06100, N.D. Ill. Case No. 1:2024-cv-13033, N.D. Ill. Case No. 1:2025-cv-00272, and N.D. Ill. Case No. 1:2025-cv-13166 ("Defendant's Cases"). On information and belief, Defendant's Cases are patent infringement cases invoking the power of the United States's courts to stop alleged infringers from selling allegedly infringing products. Defendant has also enforced the '005 Patent through Amazon, a United States-based e-commerce marketplace. On or before April 11, 2025, Defendant submitted a complaint to Amazon.com asserting that Plaintiff's Mason Genie Vacuum Sealer product ("Accused Product") infringed the '005 Patent ("Amazon Complaint"). Upon information and belief, Defendant has submitted at least one other complaint to Amazon which resulted in the delisting of a competitor's product. *See E. Mishan*, No. 1:25-cv-10310, ECF No. 1 (S.D.N.Y. Dec. 12, 2025).

8. Through each of the aforementioned actions, Defendant availed itself of the laws of the United States. By initiating the Amazon Complaint against Plaintiff, Defendant knew or should have known that its actions would harm Plaintiff in the United States.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(c)(3) because Defendant is not a resident of the United States and thus may be sued in any judicial district. *In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

10. Defendant submitted to Amazon baseless accusations that Plaintiff infringes the '005 Patent. Relying on Defendant's unsubstantiated assertions, Amazon removed Plaintiff's product listings, causing immediate disruption to Plaintiff's business and inflicting significant commercial and financial harm.

11. An immediate, real, and justiciable controversy exists between Plaintiff and Defendant as to whether Plaintiff is infringing or has infringed the '005 Patent.

## FACTUAL BACKGROUND

### *Plaintiff and the Accused Product*

12. Plaintiff was incorporated in British Columbia in 2015 and has become an industry leader in the design, development, and manufacture of mason jar vacuum sealers with USB charging technology.

13. Plaintiff markets and sells its mason jar vacuum sealers to consumers throughout the United States, including Utah. Plaintiff utilizes an extensive sales network, including online marketplaces, to market and sell its mason jar vacuum sealers.

14. As part of its sales network, Plaintiff markets and sells the Accused Product on the Amazon marketplace under the storefront Mason Genie. Plaintiff has earned a strong business reputation on Amazon and has built goodwill based on its reliable business practices.

15. ASIN B0DDB8CCJ3 is the Amazon listing for the Mason Genie Vacuum Sealer. An exemplary picture of the Accused Product is shown below:

**Exemplary Accused Product**



16. Upon information and belief, Defendant offers a competing mason jar sealer for sale on Amazon.

***The ’005 Patent***

17. A patent application entitled “Mason Jar Sealing Device” with application number 18/624,165 was filed on April 2, 2024, and ultimately issued as the ’005 Patent on January 28, 2025. A true and correct copy of the ’005 Patent is attached hereto as Exhibit 1.

18. The ’005 Patent is a continuation of application no. 17/944,828, filed on September 14, 2022, and which ultimately issued as U.S. Patent No. 11,981,555.

19. Guodong Yao is the sole named inventor of the ’005 Patent. Defendant is the sole applicant and assignee of the ’005 Patent.

20. Claim 1 is the only independent claim in the ’005 Patent. Among the required elements of that claim is an “air delivery pipe [that] fluidly connects the vacuum pump with the sealing space through the isolation plate, and when the vacuum pump draws out the air, the air delivery pipe is spaced apart from the circular lid.”

21. The limitation referenced in paragraph 20 above was added to claim 1 of the ’005 Patent during prosecution after the Examiner cited prior art.

22. In total, the ’005 Patent has 18 claims.

23. On information and belief, Defendant purports to own all right, title, and interest in and to the ’005 patent, including the right to license, sell, and enforce the ’005 Patent.

***Defendant’s Assertion of the ’005 Patent Against Plaintiff***

24. On information and belief, on or before April 11, 2025, Defendant submitted the Amazon Complaint, asserting that Plaintiff’s Accused Product infringes the ’005 Patent. In

response to the Amazon Complaint, Amazon removed the listing for Plaintiff's Accused Product and terminated Plaintiff's ability to sell the Accused Product on the Amazon marketplace.

25. On April 11, 2025, Amazon sent Plaintiff a notification that it removed the Accused Product's listing. Attached hereto as Exhibit 2 is a true and correct copy of the notification of the Amazon Complaint sent to Plaintiff ("Amazon Notification"). On information and belief, the rights owner name of "Vita Poetica" listed on the Amazon Notification is an alias for Defendant.

26. On September 23, 2025, Plaintiff, through counsel, sent a letter to Defendant's counsel's email address listed on the Amazon Notification. Defendant's counsel confirmed receipt of the letter on October 9, 2025. In the letter, Plaintiff explained in detail why its use, importation, offers to sell, and sale of the Accused Product does not infringe the '005 Patent. A true and correct copy of the letter is attached hereto as Exhibit 3.

27. On October 23, 2025, Defendant responded to Plaintiff's letter, maintaining that Plaintiff's products infringe the '005 Patent but failing to satisfactorily address many of Plaintiff's noninfringement arguments.

28. Upon information and belief, Defendant has not retracted the Amazon Complaint, and the listing for Plaintiff's Accused Product has not been reinstated.

29. Plaintiff's Accused Product does not infringe the '005 Patent because it does not satisfy each limitation of independent claim 1 of the '005 Patent. For example, the Accused Product does not have an "air delivery pipe [that] fluidly connects the vacuum pump with the sealing space through the isolation plate" as required by independent claim 1 and, consequently, each dependent claim, claims 2–18.

30. Defendant's continued assertion of the '005 Patent against Plaintiff's Accused Product, despite Plaintiff's detailed noninfringement explanation, has harmed Plaintiff by preventing it from selling its Accused Product through its Amazon listing and thus interfering with its ability to compete fairly in the marketplace.

## COUNT I
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT
## (UNITED STATES PATENT NO. 12,209,005)

31. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1–30 above as if fully set forth.

32. Independent claim 1 of the '005 Patent, which is the only independent claim of the '005 Patent, is reproduced below:

> 1. A mason jar sealing device, configured to seal a mason jar body, the mason jar sealing device comprising: a mason jar main machine;
>
> (a) Wherein, the mason jar main machine comprises a side wall and an isolation plate arranged inside and connected to the side wall, the isolation plate and a portion of the side wall disposed at a side of the isolation plate away from the mason jar body define a receiving cavity, and a vacuum pump and a solenoid valve are arranged in the receiving cavity, another portion of the side wall disposed at another side of the isolation plate near the mason jar body is connected to a sleeve to install the mason jar body, the mason jar body is arranged with a circular lid which is spaced apart from the isolation plate and is configured to cover an opening of the mason jar body, when the mason jar body extends into the sleeve, the vacuum pump draws out air in the mason jar body and the sleeve to enable the circular lid to be attached to the mason jar body by atmospheric pressure;
>
> (b) Wherein the another portion of the side wall and the another side of the isolation plate cooperatively define a sealing space, the isolation plate is arranged with an air delivery pipe, and the receiving cavity is arranged with a main board;
>
> (c) The vacuum pump is connected with the main board, the vacuum pump is connected with the air delivery pipe, and the vacuum pump draws air through the air delivery pipe;

(d) The air delivery pipe fluidly connects the vacuum pump with the sealing space through the isolation plate, and when the vacuum pump draws out the air, the air delivery pipe is spaced apart from the circular lid; and

(e) The solenoid valve is connected to the main board and is used to input gas into the sleeve when the solenoid valve is opened, so as to release the connection between the mason jar body and the mason jar main machine.

33. The Accused Product does not infringe, directly or indirectly, either literally or through the doctrine of equivalents the ’005 Patent because it lacks one or more limitations of independent claim 1. The following is a representative claim element missing from the Accused Product:

| Claimed Feature | Example Limitation Not Present in the Accused Product |
|---|---|
| **[1.d]** | The Accused Product does not include an “air delivery pipe [that] fluidly connects the vacuum pump with the sealing space through the isolation plate, and when the vacuum pump draws out the air, the air delivery pipe is spaced apart from the circular lid…” |

34. Because the Accused Product does not meet each and every limitation of independent claim 1 of the ’005 Patent, the Accused Product does not meet each and every limitation of dependent claims 2–18. Thus, the Accused Product does not infringe any claim of the ’005 Patent.

35. Despite the Accused Product lacking at least one required limitation of claim 1 of the ’005 Patent, and despite Plaintiff’s detailed explanation of noninfringement, Defendant has nevertheless asserted and continues to assert an unfounded allegation of patent infringement.

36. Since the delisting, Plaintiff has been unable to sell the Accused Product on Amazon causing serious and ongoing commercial harm to Plaintiff. While delisted, Plaintiff suffers loss of sales, market share, product reviews, and product ratings on Amazon. Plaintiff has

also incurred at least $24,380.91 in inventory removal fees charged by Amazon as a result of the delisting, in addition to storage fees and other charges that continue to accrue.

37. Plaintiff is therefore entitled to a declaratory judgment that the Accused Product does not infringe any claim of the ’005 Patent, either literally or under the doctrine of equivalents.

## COUNT II
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

38. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1–37 above as if fully set forth.

39. Plaintiff has established a strong reputation on Amazon and has a valuable existing and potential economic relationship with customers through its Amazon storefront.

40. On information and belief, because Plaintiff and Defendant are competitors, Defendant knew that Plaintiff had valuable economic relationships with its customers through its Amazon storefront, and Defendant intentionally made baseless and improper complaints of patent infringement to Amazon to interfere with Plaintiff’s economic relationship and profit from removing its competitors’ product.

41. On information and belief, Defendant was aware or should have been aware that Plaintiff’s Accused Product does not infringe any claim of the ’005 Patent, and that the Amazon Complaint was baseless, especially after Plaintiff provided Defendant a detailed explanation of how the Accused Product does not meet each and every limitation of claim 1 of the ’005 Patent. For example, Defendant knew or should have known that the Accused Product does not include an “air delivery pipe [that] fluidly connects the vacuum pump with the sealing space through the isolation plate, and when the vacuum pump draws out the air, the air delivery pipe is spaced apart from the circular lid…” as required by claim 1 of the ’005 Patent.

42. On information and belief, Defendant acted in bad faith and abused Amazon's reporting procedures by asserting a baseless patent infringement claim for the purpose of disrupting Plaintiff's ongoing sales and interfering with Plaintiff's established business relationship with its Amazon customers.

43. On information and belief, Defendant undertook this wrongful conduct to impede Plaintiff's ability to sell the Accused Product and to advance its own competing mason jar sealer on the Amazon online marketplace without meaningful competition. Defendant's baseless complaint has caused and continues to cause substantial damage to Plaintiff.

44. The delisting of Plaintiff's products resulted in a loss of sales, market share, product reviews, and product ratings, which are all crucial metrics in ranking Plaintiff's performance on the Amazon platform and affect Plaintiff's reputation in the marketplace. Because of the damage to Plaintiff's rankings and reputation, Plaintiff may continue to lose sales even if its product listing is restored.

45. In addition to compensatory damages, Plaintiff is also entitled to punitive damages for Defendant's intentional, willful, reckless, and/or malicious interference.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For judgment that the Accused Product does not infringe, literally or under the doctrine of equivalents, any claim of the '005 Patent;

2. For costs and reasonable attorneys' fees incurred in connection with this and related actions to be paid by Defendant;

3. For a finding that this case is exceptional under 35 U.S.C. § 285;

4. For an award of compensatory damages in an amount to be proven at trial;

5. For an award of punitive damages for Defendant's intentional, willful, reckless, and/or malicious interference with Plaintiff's business relations;

6. An order directing Defendant, and its affiliates, partners, officers, directors, agents, servants, employees, attorneys, representatives, successors, assigns, and all persons, firms, or corporations in active concert, privity, or participation with any of them, to immediately withdraw any complaint filed against the Accused Products with any ecommerce site, including Amazon.com;

7. An award of any and all equitable relief to which Plaintiff may be entitled, including a permanent injunction, enjoining Defendant from making further allegations to Amazon of infringement by Plaintiff of the '005 patent; and

8. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues so triable.

DATED August 21, 2026. Respectfully submitted,

WORKMAN NYDEGGER

By: /s/ *David P. Johnson*
DAVID P. JOHNSON
BRITTANY FRANDSEN
JAMIE BAME

*Attorneys for Plaintiff Akorn Media Inc.*